830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda S. CARVER, Plaintiff-Appellant,
v.
U-HAUL COMPANY, Defendant-Appellee.
 No. 86-6166
 United States Court of Appeals, Sixth Circuit.
 October 2, 1987.
 
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Carver appeals the dismissal of her employment discrimination suit by the district court. The basis for the dismissal was lack of jurisdiction due to failure to institute suit within the period provided by the applicable statute of limitations. Although we reject the reasoning of the district court in dismissing this case, we nonetheless conclude that the case was properly dismissed and affirm.
 
 I.
 
 2
 On November 3, 1983, defendant U-Haul dismissed plaintiff Carver from its employ. On December 30, 1983, Carver filed a formal charge of discrimination against U-Haul with the Equal Employment Opportunity Commission (EEOC). Since the EEOC was unable to complete its investigation of this charge within 180 days, it issued a right to sue letter on June 13, 1984. Subsequently, on September 13, 1984, Carver filed an action in the United States District Court for the Middle District of Tennessee. Service was never perfected on U-Haul, however, and the suit was dismissed without prejudice on March 5, 1985. On March 4, 1986, the same suit was refiled by Carver and service of process was obtained on June 30, 1985. In the complaint Carver limited her allegations to a charge that she sought to 'secure protection of and to redress deprivation of rights, privileges and immunities secured by Title 42 Sec. 1985 and the Constitution of the United States, to wit: the due process and equal protection clause of the Fifth and Fourteenth Amendments thereto.' (App. 2-3).
 
 
 3
 Defendant filed a motion to dismiss claiming that 'the court lacks jurisdiction over the subject matter and that the statute of limitations has run and that the complaint fails to state a claim upon which relief can be granted.' (App. 7). This motion was referred to a magistrate.
 
 
 4
 The magistrate, treating the complaint as one filed pursuant to 42 U.S.C. Sec. 1985, correctly concluded that the applicable statute of limitations was Tennessee's one-year statute of limitations governing personal injury actions. Wilson v. Garcia, 471 U.S. 261 (1985). Considering the only relevant date to be March 4, 1986, the magistrate concluded the suit was time-barred and recommended dismissal.
 
 
 5
 Carver filed timely objections to the magistrate's recommendation contending that Tenn. Code Ann. Sec. 28-1-105[1] provided a saving clause for suits dismissed without prejudice and allowed such actions to be refiled within one year.
 
 
 6
 The district court, without making any reference to the Tennessee saving statute, ordered the case dismissed on the authority of Johnson v. Railway Express Agency, 421 U.S. 454 (1975). We find the reliance on Johnson to be misplaced. The controversy in Johnson centered around whether filing a Title VII claim with the EEOC would toll the statute of limitations on a related civil rights action such as one brought pursuant to 42 U.S.C. Secs. 1981, 1983 or 1985. The Johnson court made it clear that tolling would not occur. However, plaintiff makes no such claim here. Further, unlike Johnson, pliantiff filed her first complaint within the one year statutory period.
 
 
 7
 Although perhaps prudently not stating so, the defendant on appeal does not rely on the district court's rationale, but rather, argues that Carver's complaint does not adequately plead a cause of action under 42 U.S.C. Sec. 1985. We agree. Defendant made this argument in its motion to dismiss and so this issue is properly before us.[2]
 
 II.
 
 8
 Other than initially invoking 42 U.S.C. Sec. 1985 as an alternate basis for jurisdiction (which it is not) plaintiff never further elaborates on or makes reference to this section in her complaint. The only portion of Sec. 1985 which could conceivably be applicable is Sec. 1985(3) which prohibits 'two or more persons. . . of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws. . . .' This section has been construed by the Court to require 'some racial or perhaps otherwise class based discriminatory animus behind the conspirators' action.' Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). See also United Brotherhood of Carpenters and Joiners of America Local 610, AFL-CIO, et al. v. Scott, et al., 463 U.S. 825, 834-35 (1983). There is nothing in plaintiff's complaint that would indicate that whatever discrimination may have occurred was other than isolated acts directed at plaintiff.
 
 
 9
 Furthermore, plaintiff never pleads a conspiracy in her complaint as is required by Sec. 1985(3). The closest she comes is to allege that '[d]efendant, through its agents and representatives, was engaged in a scheme designed and intended to deprive her of rights guaranteed . . . under the Constitution . . ..' (App. 4). A corporation cannot conspire with itself and the only defendant named here is a corporate defendant.
 
 
 10
 This court has held that a corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself.
 
 
 11
 . . .
 
 
 12
 [Although] the case law does not completely foreclose the possibility of applying Sec. 1983 to a single corporation . . . courts that have held that an actionable section 1985(3) claim is presented have generally done so only where individual defendants are named as well as the corporation, and those individuals acted outside the scope of their employment or for personal reasons.
 
 
 13
 Cross v. General Motors Corp., 721 F.2d 1152, 1156 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984) (citations omitted).
 
 
 14
 Since plaintiff's complaint failed to set forth an actionable claim under 42 U.S.C. Sec. 1985(3), it was properly dismissed.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 New Action after adverse decision.--If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Tenn. Code Ann. Sec. 28-1-105
 
 
 [2]
 The parties' arguments are like ships that pass in the night. The defendant does not address the Tennessee saving statute relied on by plaintiff nor the decision of the district court. The plaintiff does not address the argument relied on by defendant on appeal at all